# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CHALESZETTA DELONEY § § *Plaintiff,* § § v. § § SANTANDER CONSUMER USA, INC., § § *Defendant.* § § | Civil Action No. 4:21-CV-00765-ALM Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

On February 21, 2018, Plaintiff Charleszetta Deloney ("Deloney") visited Huffines Chevrolet Lewisville, Inc. ("Huffines") to shop for an automobile (Dkt. #1). Deloney selected a 2017 Chevrolet Malibu to be purchased and financed through Defendant Santander Consumer USA, Inc. ("Santander") (Dkt. #1). Accordingly, Deloney and Santander entered into a Motor Vehicle Installment Sales Contract (the "Contract") on the same day (Dkt. #1). The Truth in Lending Disclosure in the Contract disclosed an annual percentage rate of 18%, a finance charge of $10,418.00, and an amount financed of $15,918.34 (Dkt. #1 at p. 2). Additionally, the Contract provided that there would be no penalty for prepayments and that if Deloney made scheduled payments early, the finance charge would be reduced (Dkt. #1 at pp. 2–3).

On June 11, 2019, Deloney, proceeding *per se*, filed a Petition for Small Claim Case in the Justice Court, Precinct 3, of Denton County, Texas (Dkt. #5, Exhibit A at p. 2). In her Petition, Deloney alleged that she made early payments pursuant to the Contract, but Santander told her that the payments were late (Dkt. #5, Exhibit A at p. 2). She further alleged that Santander never explained the Contract to her (Dkt. #5, Exhibit A at p. 2). On October 1, 2019, the Justice Court dismissed the case with prejudice for want of jurisdiction (Dkt. #5, Exhibit B). Plaintiff appealed the judgment to the Denton County Court at Law No. 2 (Dkt. #5 at p. 1). In response, Santander filed a Motion to Dismiss Appeal. On December 17, 2019, the County Court granted Santander's motion, dismissing the case with prejudice (Dkt. #5, Exhibit C).

On October 1, 2021, Deloney, represented by counsel this time, filed a Complaint in this Court against Santander. The Complaint alleges that Santander violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and the Deceptive Trade Practices Act ("DTPA") through its conduct under the Contract (Dkt. #1 at p. 1). Specifically, Deloney alleges that Santander failed to properly disclose all material disclosures required by the TILA and that Santander violated the DPTA when it engaged in false, misleading, or deceptive acts or practices that she relied on (Dkt. #1). Deloney also brings causes of action for usury and breach of contract based on Santander's conduct under the Contract (Dkt. #1 at p.4).

On January 5, 2022, Santander filed the present motion (Dkt. #5). On January 28, 2022, Deloney filed her response (Dkt. #8).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or

elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Santander moves to dismiss Deloney's Complaint under Federal Rule of Civil Procedure 12(b)(6) for two main reasons. First, Santander asserts that Deloney's claims are barred by the doctrine of res judicata (Dkt. #5 at p. 3). In support of its argument, Santander requests that the Court take judicial notice of Exhibits A–C, which are attached to Santander's motion (Dkt. #5 at p. 1). Santander argues the Court should take judicial notice of Deloney's Petition for Small Claim Case in the Justice Court (Exhibit A), the Justice of the Peace Court's Judgment (Exhibit B), and the Denton County Court's Order Dismissing Appeal (Exhibit C) because they are publicly available documents (Dkt. #5 at p. 1). Second, Santander contends that Deloney's TILA claims should be dismissed because they are barred under the TILA's statute of limitations (Dkt. #5 at p. 7).

In response, Deloney objects to Santander's attachment of Exhibits A–C to its motion, contending the Court should not consider this evidence at this stage (Dkt. #8 at p. 7). More specifically, Deloney argues that the evidence should not be considered because it was not referred to in her Complaint and the documents are not central to her case (Dkt. #8 at p. 8). Deloney also contends her claims are not barred by res judicata because Santander cannot prove each element of res judicata (Dkt. #8 at p. 8). As to Santander's argument over the statute of limitations barring

4

her TILA claim, Deloney contends that additional discovery is required (Dkt. #8 at pp. 8–9). Lastly, Deloney requests that if any component of her complaint is found to be insufficient, that she be granted leave of Court to amend (Dkt. #8 at p. 11).

The Court considers these arguments in turn, starting with Deloney's objection to the evidence attached to Santander's motion to dismiss.

### I.     Deloney's Objection to the Evidence Attached to Santander's Motion to Dismiss

As noted, Deloney objects to the evidence attached to Santander's motion to dismiss, arguing it cannot be considered at this stage because it was not referred to in her Complaint and it is not central to her case (Dkt. #8 at p. 8).  However, this argument does not have merit in the present case because it overlooks that Santander has requested that the Court take judicial notice of Exhibits A–C—court documents that are matters of public record (Dkt. #5 at p. 1).

Generally, res judicata is "an affirmative defense that should not be raised as part of 12(b)(6) motion, but dismissal under rule 12(b)(6) may be appropriate on res judicata grounds where based on the facts pleaded and judicially noticed, a successful affirmative defense appears." *Slocum v. Sebring Cap. Partners*, *LP.*, No. 4:18-CV-029, 2018 WL 3470300 *3 (E.D. Tex. June 27, 2018) (internal citations and quotations omitted).  Indeed, "[i]n practice, it seems that courts *do* consider the res judicata defense at the Rule 12(b)(6) stage by taking judicial notice of the judgment in the prior lawsuit." *Wilson v. Deutsche Bank Trust Co*. *Ams*, No. 3:18-CV-0854, 2019 WL 175078, at *1 n.2 (N.D. Tex. Jan. 10, 2019) (emphasis in original) (collecting cases). Thus, if the exhibits attached to Santander's motion are documents that the Court can take judicial notice of, then they can be considered at this stage.

Under Federal Rules of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

5

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." FED. R. EVID. 201.  Further, the Fifth Circuit has "allowed a 'district court to take judicial notice of the public records in . . . prior state court proceedings.'" *Stiel v. Heritage Numismatic Auctions Inc.*, 816 Fed. App'x. 888, 892 (5th Cir. 2020) (quoting *Kahn v. Ripley*, 772 Fed. App'x. 141, 142 (5th Cir. 2019)).  Here, the exhibits attached to Santander's motion to dismiss are public records in prior state court proceedings (Dkt. #5, Exhibits A–C). Thus, the Court takes judicial notice of the documents and will consider them for purposes of this motion.

With this preliminary issue resolved, the Court turns to the heart of the parties' dispute— whether Deloney's claims are barred by res judicata.

## II.     Whether Deloney's Claims are Barred by Res Judicata

Santander argues res judicata bars Deloney's claims because all of the elements of res judicata are met (Dkt. #5 at p. 5).  Specifically, Santander argues that the parties are identical; the judgment in the prior action was rendered by a court of competent jurisdiction; the prior action was concluded by a final judgment on the merits because it was dismissed with prejudice; and the same claim was involved in both actions (Dkt. #5 at pp. 4–6).  In response, Deloney contends res judicata does not bar her claim because the Justice Court was not a court of competent jurisdiction (Dkt. # 8 at p. 8).  The Court agrees with Deloney that res judicata does not bar her claim.

The Fifth Circuit has established that in order to "determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (citation and quotations omitted).  Thus, because the Justice of the Peace Court and County Court that rendered the judgments in the parties' prior case are Texas state courts, the Court must apply Texas res

judicata principles.  To establish res judicata under Texas law, the following elements must be met: "(1) a prior judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claim as were raised or could have been raised in the first action."*Amstadt v. U.S. Brass Corp*., 919 S.W.2d 644, 652 (Tex. 1996).

The Court finds element one is central to the issue at hand.  As noted, the Justice Court dismissed the parties' prior case with prejudice for want of jurisdiction; Deloney appealed; Santander filed a motion to dismiss the appeal; and, the Denton County Court granted Santander's motion, dismissing the case with prejudice. Now, Santander contends the prior action was concluded by a final judgment on the merits because it was dismissed with prejudice (Dkt. #5 at p. 5).  Under Texas law, "orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties." *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  However, it also true that under Texas law, "[a]n order that dismisses a lawsuit for want of jurisdiction is not *res judicata* of the merits of that lawsuit and does not bar the plaintiff from bringing the same cause of action again once the impediment to jurisdiction has been removed." *Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.); *see also Lane v. Baxter Healthcare Corp,* 905 S.W.2d 39, 42 (Tex. App.—Houston [1st Dist.] 1995, no writ) (noting "a dismissal for want of jurisdiction with prejudice is error").

Here, the Court finds that res judicata does not bar Deloney's claims.  Though the Justice of the Peace Court and Denton County Court dismissed the prior case with prejudice, they did so because the Justice of the Peace Court lacked jurisdiction.  Indeed, the Justice of the Peace Court expressly noted that the case was being "[d]ismissed for [w]ant of [j]urisdiction" (Dkt. #5, Exhibit

7

5).  Thus, the judgment of dismissal did not reach the merits and was issued by a court that expressly found itself not to be a court of competent jurisdiction.  *See Wells Fargo Bank, N.A. v. Riojas*, No. 13-15-00279-CV, 2016 WL 836704, at *2–*3 (Tex. App.—Corpus Christi Mar. 3, 2016, no pet.) (mem. op.).  Accordingly, the first element of res judicata is not satisfied, and Deloney's claims are not barred by res judicata.

With this key issue resolved, the Court turns to whether Deloney's TILA cause of action is barred by the statute of limitations.

### III.     Whether Deloney's Claims Under the TILA Are Barred by The Statute of Limitations

The general statute of limitations for a TILA claim is "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  "The violation occurs when the transaction is consummated.  Nondisclosure is not a continuing violation for the purposes of the statute of limitations." *Moor v. The Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).  Here, Deloney and Santander entered into the Contract on or about February 21, 2018.  Yet, the present lawsuit was not initiated until October 1, 2021—nearly three and a half years after the transaction was consummated.

However, Deloney argues that her TILA claim should not be barred by the statute of limitations because additional discovery is needed, relying on 12 C.F.R § 226.20(c)(1)(5).  Under 12 C.F.R § 226.20(c)(1)(5), lenders must issue new disclosures within a specified amount of time in the event an interest rate adjustment occurs.  According to Deloney, it is unclear whether Santander ever adjusted the interest rate; thus, additional discovery is needed (Dkt. #8 at p. 10).  However, Deloney's complaint makes no mention of 12 CFR § 226.20(c)(1)(5) nor contains allegations regarding whether Santander ever adjusted the interest rate.  As such, the Court fails to see how additional discovery is needed.  Further, Deloney's complaint contains no allegations or

8

facts that would suggest equitable tolling should apply, which might save her TILA complaint. Accordingly, the Court finds that under the current pleadings Deloney's TILA claim would be barred by the statute of limitations.

### IV. Leave to Amend

In response to Santander's motion to dismiss, Deloney requests leave to amend in case any of her claims are subject to dismissal (Dkt. #8 at p. 11). Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15 (a)(2). Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id*. The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc*., 283 F.3d 282, 286 (5th Cir. 2002).

Here, the Court finds it appropriate to give Deloney an opportunity to amend her complaint to fix any deficiencies within fourteen (14) days of this Order.

### CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) is hereby **DENIED.**

It is further **ORDERED** that Deloney has fourteen (14) days to file an amended complaint to cure the defects in her complaint.

**IT IS SO ORDERED.**

SIGNED this 7th day of June, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE